# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WILLIAM MONDIER,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **Case No. 04-CV-0629-CVE-FHM** |
| | ) |
| **ERIC FRANKLIN, Warden, James** | ) |
| **Crabtree Correctional Center,** | ) |
| | ) |
| **Respondent.** | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state inmate appearing *pro se*. Respondent filed a response to the petition (Dkt. # 6). Respondent also provided state court records and trial transcripts (Dkt. #s 6 and 7) for the Court's use in evaluating Petitioner's claims. After Respondent filed his response to the petition, Petitioner filed a brief in support of his petition (Dkt. # 8). Also pending before the Court are the following motions filed by Petitioner: motion to amend (Dkt. # 23), and motion for "reinstatement" of his petition and reassignment to another federal judge (Dkt. # 24). For the reasons discussed below, the Court finds the petition shall be denied. In addition, Petitioner's motion to amend his habeas corpus petition shall be denied. Petitioner's remaining motions are unnecessary and shall be declared moot.

## *BACKGROUND*

On March 16, 2000, police officers for the City of Sapulpa, Oklahoma, conducted a search of a residence located in Creek County, Oklahoma. Petitioner William Mondier was present at the time of the search and told police officers that the home was owned by his brother, David Mondier, but that he was living there. During their search, the officers found components of a clandestine methamphetamine lab, all of the precursors and equipment required for manufacture of

methamphetamine with the exception of iodine, methamphetamine in its final form, marijuana, and various items of drug paraphernalia.

Petitioner was arrested and charged in Creek County District Court, Case No. CF-2000-149, with Endeavoring or Attempting to Manufacture a Controlled Drug (Count 1), Unlawful Possession of a Controlled Drug (Count 2), and Maintaining a Place Resorted to by Users of Controlled Drugs (Count 3).  He was also charged in Creek County District Court, Case No. CM-2000-291, with Unlawful Possession of Marijuana (Count 1), and Unlawful Possession of Paraphernalia (Count 2). At the conclusion of a jury trial, Petitioner was found guilty as charged. The jury recommended that Petitioner be sentenced as follows: in Case No. CF-2000-149, on Count 1, to forty (40) years imprisonment and a fine of $50,000; on Count 2, to six (6) years imprisonment and a fine of $10,000; and on Count 3, to ten (10) years imprisonment and a fine of $10,000. As to Case No. CM-2000-291, the jury recommended the following sentences: on Count 1, to six (6) months in custody and a $1,000 fine; and on Count 2, to six (6) months in custody and a $1,000 fine. On March 21, 2001, the trial court judge sentenced Petitioner in accordance with the jury's recommendation, ordering that the sentences for the three felonies were to be served consecutively, and that the sentences for the two misdemeanor convictions were to be served concurrently with the forty (40) year sentence entered for Count 1 in CF-2000-149.  Petitioner was represented at trial by attorney David Phillips.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA").  On appeal, Petitioner was represented by attorney Lisbeth McCarty.  He raised twelve (12) propositions of error as follows:

> Proposition 1:     The sentence (for maintaining a place resorted to by users of controlled substances) exceeds the maximum allowed by law.

2

Proposition 2:        The paraphernalia statute as used unfairly shifted the burden of proof to Appellant.

Proposition 3:        Double jeopardy was violated.

Proposition 4:        The evidence was insufficient to support the charges.

Proposition 5:        There was no evidence to support a conviction for Count II, which was charged as a violation of 63 O.S. 2-401(B-1).

Proposition 6:        Prosecutorial misconduct denied Appellant a fair trial.

Proposition 7:        The trial judge erred by failing to instruct on possession of precursor substances.

Proposition 8:        Lack of preparation time caused ineffective assistance of counsel.

Proposition 9:        The sentences were excessive.

Proposition 10:       The imposition of incarceration fees pursuant to Okla. Stat. tit. 22, § 979(A), violated Appellant's Fourteenth Amendment rights.

Proposition 11:       Error occurred when the essential element of "knowingly" or "intentionally" was omitted from the jury instruction on Maintaining a House Resorted to by Drug Users.

Proposition 12:       Cumulative error denied Appellant a fair trial.

(Dkt. # 6, Ex. 2).  In an unpublished summary opinion, filed June 5, 2002, in Case No. F-2001-434 (Dkt. # 6, Ex. 1), the OCCA found Propositions 11 and 3 to be meritorious.  Because Petitioner was entitled to relief on Proposition 11, the OCCA determined that Proposition 1 was moot.  The OCCA also determined that Petitioner was not entitled to relief on his remaining propositions of error. As a result, the OCCA ruled as follows:

The Judgment and Sentence imposed for Count 3, in Creek County District Court, Case No. CF-2000-149, is hereby **REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS**. The Judgment and Sentence imposed for Count 1, in Creek County District Court, Case No. CM-2000-291, is hereby **REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS**. The Judgment and Sentences imposed in Creek County District Court, Case No. CF-2000-149 for Counts 1 and 2 are **AFFIRMED**; the Judgment and Sentence imposed [for Count 2] in Creek County District Court, Case No. CM-2000-291 is **AFFIRMED**.

(Dkt. # 6, Ex. 1). Nothing in the record suggests Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court.

Prior to filing his federal petition for writ of habeas corpus, Petitioner filed three (3) applications for post-conviction relief. He filed the first application on July 8, 2002. See Dkt. #1, attachment; Dkt. # 6 at 2. Post-conviction findings were filed in the state district court on July 30, 2002. See Dkt. # 1, attachment. Petitioner appealed to the OCCA, and by order entered December 6, 2002, in PC-2002-1091, the OCCA affirmed the denial of Petitioner's first application for post-conviction relief. Id.

Petitioner filed his second application for post-conviction relief on January 15, 2003. See Dkt. # 6 at 2. Post-conviction findings were entered on February 19, 2003. See Dkt. # 1, attachment. Petitioner appealed, and by order entered May 29, 2003, in PC-2003-232, the OCCA affirmed the denial of Petitioner's second application for post-conviction relief. Id.

On March 4, 2004, Petitioner filed his third application for post-conviction relief. See Dkt. # 6, at 3. On May 11, 2004, the trial court entered its post-conviction findings. See Dkt. # 1, attachment. Petitioner appealed, and by order entered July 12, 2004, in PC-2004-587, the OCCA affirmed the denial of Petitioner's third post-conviction application. Id.

On August 16, 2004, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). He identifies eleven (11) grounds of error, as follows:

4

Ground 1:     Petitioner is factually innocent where the State falsely prosecuted the Petitioner under a felony offense statute.

Ground 2:     Mr. Mondier's fundamental rights to due process and equal protection of the law were violated when the testing protocol used to establish the identity of the chemical substance violated evidentiary due process procedures.

Ground 3:     Mr. Mondier's fundamental rights to due process and equal protection of the law were violated when the State filed and convicted Petitioner on a duplicitous State's Information Sheet.

Ground 4:     Mr. Mondier's fundamental rights to due process and equal protection of the law were violated when the trial court allowed the state's government to try and convict Petitioner on the defective and invalid State Information and Complaint.

Ground 5:     Mr. Mondier's fundamental rights to due process and equal protection of the law were violated when the paraphernalia statute as used unfairly shifted the burden of proof to Petitioner.

Ground 6:     Mr. Mondier's fundamental rights to due process and equal protection of the law were violated when the prosecutorial misconduct denied Petitioner a fair trial.

Ground 7:     Mr. Mondier's fundamental rights to due process and equal protection of the law were violated when the trial judge erred by failing to instruct on possession of precursor substances.

Ground 8:     Mr. Mondier's fundamental rights to due process and equal protection of the law were violated when the trial court failed to give trial counsel proper preparation time which rendered trial counsel ineffective.

Ground 9:     Mr. Mondier's fundamental rights to due process and equal protection of the law were violated by the eneffectiveness (sic) of his trial counsel.

Ground 10:     Mr. Mondier's fundamental rights to due process and equal protection of the law were violated by the eneffectiveness (sic) of his appellate counsel.

Ground 11:     Mr. Mondier's fundamental rights to due process and equal protection of the law were violated by Oklahoma's arbitrary and capricious appellate and post-conviction procedures.

(Dkt. # 1). In response to the petition, Respondent contends that grounds 1, 2, 3, 4, 9, 10, and 11 are procedurally barred, and that Petitioner is not entitled to habeas relief on grounds 5, 6, 7, and 8 either because the claim is not cognizable on habeas corpus review or because the OCCA's adjudication was not contrary to, or an unreasonable application of, federal law as required under 28 U.S.C. § 2254(d).

On June 18, 2007, Petitioner filed his fourth application for post-conviction relief in the state district court. On August 24, 2007, the state district court entered its post-conviction findings. Petitioner appealed, and by order entered October 10, 2007, in PC-2007-928, the OCCA dismissed the appeal from the state district court's denial of Petitioner's fourth application for post-conviction relief. See Dkt. # 23, attachment. Thereafter, Petitioner filed a motion to amend his federal habeas petition (Dkt. # 23) to add claims raised in his fourth application for post-conviction relief.

As a preliminary matter, the Court will address Petitioner's most recent motion, filed February 11, 2008 (Dkt. # 24). In that motion, Petitioner asks that this matter be reinstated. He also notes that the judge originally assigned to this matter, Judge Sven Erik Holmes, has retired from the bench. Because of Judge Holmes' retirement, Petitioner asks that this case be reassigned to another judge. The Court finds that Petitioner's requests are unnecessary. This case has been on the Court's active docket and no "reinstatement" is required. Furthermore, on March 16, 2005, upon the resignation of Judge Holmes, this case was reassigned by random draw to the undersigned. See Dkt. # 10. As no basis for relief exists, Petitioner's motion, filed February 11, 2008, shall be declared moot.

*ANALYSIS*

**A.  Motion to amend petition shall be denied**

On October 22, 2007, Petitioner filed a "motion to amend his pending federal writ of habeas corpus and to supplement the record to add additional federal and constitutional grounds for relief, with case law" (Dkt. # 23). Petitioner did not send a proposed amended petition along with his motion; he simply identifies his additional grounds for relief in the text of the motion.  After reviewing the claims asserted in the motion to amend, the Court finds Petitioner seeks leave to amend his petition by adding four (4) new grounds of error as follows: ground 1, Petitioner's convictions violate the prohibition against double jeopardy; ground 2, judicial misconduct and abuse of discretion denied Petitioner due process, fairness, "equalness" and first offender leniency and benefits; ground 3, trial court has not ruled on motions for judicial review and sentence modification; and ground 4, trial court's and OCCA's rulings on fourth application for post-conviction relief resulted in denial of access to courts. See Dkt. # 23.

Consideration of Petitioner's motion to amend petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading). See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000).  The Court finds that the grounds of error identified in the motion to amend are entirely new claims and do not relate back to the original petition.  See Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add*

*a new claim or to insert a new theory into the case*"); see also United States v. Duffus, 174 F.3d 333 (3d Cir. 1999).

Petitioner fails to recognize the ramifications of the one-year statute of limitations imposed on habeas corpus claims.  See 28 U.S.C. § 2244(d) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")).  Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  In this case, Petitioner timely filed his original petition.[1]  However, his "motion to amend habeas action" was not filed until more than 2 ½ years after filing the original petition, or well after expiration of the one-year limitations period. Since Petitioner's new claims do not relate back to the date of the original petition, the Court finds that, unless Petitioner is entitled to tolling of the limitations period,  to allow the filing of the proposed amended petition adding new claims would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

---

[1]The OCCA affirmed Petitioner's convictions on June 5, 2002.  Therefore, his convictions became final on September 3, 2002, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).  Petitioner had one year, or until September 3, 2003, to file his federal habeas corpus petition.  Petitioner's one-year limitations period was tolled during the pendency of his first three (3) applications for post-conviction relief. Petitioner filed his first application before his conviction became final. As a result, he is entitled to tolling for his first application from September 3, 2002, until December 6, 2002, or for 94 days. He is also entitled to 134 days for the pendency of his second application, and to 130 days for his third application. Tolling for the three post-conviction proceedings totals 358 days. Thus, once Petitioner's convictions became final on September 3, 2002, the limitations period was extended for a total of 358 days  beyond September 3, 2003, or to August 26, 2004.  While Petitioner filed his original petition on August 16, 2004, or ten (10) days in advance of the deadline, he did not file his motion to amend until October 22, 2007, or more than three (3) years after expiration of the limitations period.

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll federal limitations period under 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)). Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control prevent a petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), Petitioner is not entitled to equitable tolling in this case. Equitable tolling may be appropriate where a prisoner is actually innocent. Id. However, to be entitled to equitable tolling, a habeas petitioner asserting actual innocence must also demonstrate that he has pursued his federal claims diligently. Id. In this case, Petitioner did not exercise diligence in pursuing the new claims identified in the proposed amended petition. Although Petitioner states that his additional grounds of error are supported by "new law," the first two claims could have been raised on direct appeal and the third and fourth claims are related to post-conviction rulings by the state district court and the OCCA and are not based on "new law." The Court concludes that Petitioner is not entitled to equitable tolling of the limitations period. See Miller, 141 F.3d at 978. Therefore, the motion to amend the petition for writ of habeas corpus shall be denied. The Court will consider only those claims asserted in the original petition.

**B. Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted each of the claims raised

in the petition.  See Dkt. # 6 at 3.  The Court agrees. In addition, the Court finds that Petitioner is

not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

## C.  Claims adjudicated by the OCCA

The AEDPA amended the standard to be applied by federal courts reviewing constitutional

claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court

has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision

"involved an unreasonable application of clearly established Federal law, as determined by the

Supreme Court of the United States" or "was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams

v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  In

this case, the OCCA adjudicated Petitioner's grounds 5, 6, 7, and 8 as identified in the original

petition, on direct appeal.  Therefore, those claims shall be reviewed pursuant to § 2254(d).

### 1. Constitutionality of paraphernalia statute (ground 5)

As his fifth proposition of error, Petitioner argues that the language of information charging

him with possession of paraphernalia imposed an impermissible burden shift, requiring him to show

that he had a "medical or other lawful need requiring possession of said paraphernalia."  See Dkt.

# 1. The OCCA rejected this claim on direct appeal, finding that:

> [t]he burden of proof for Unlawful Possession of Paraphernalia was not improperly
> shifted to Appellant by the State's charging instrument. 63 O.S.Supp.1998, § 2-405
> allows a person to be convicted of possession of paraphernalia *only if* the State
> proves the person had the knowing intent to use the item(s) for the purpose of
> administering controlled substance(s) into the body. Accordingly, the language of the

statute comports with "the fundamental principle of due process that a criminal act requires a criminal intent on the part of the person charged." *Lady Ann's Oddities, Inc. v. Macy*, 519 F.Supp. 1140, 1146 (W.D. Okla. 1981).

(Dkt. # 6, Ex. 1).

The Court finds that Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. The language of the charge for Unlawful Possession of Paraphernalia did not impose an impermissible burden shift as argued by Petitioner. Prior to making his opening statement, the prosecutor read the information to the jury. Count 2 of CM-2000-291 charged as follows:

> That said defendant while acting in concert with David Mondier, William (sic) Fisher and Marty Luper, in the county and state aforesaid, on the day and year aforesaid, did unlawfully, willfully, and wrongfully have in their possession and under their immediate control, certain paraphernalia used by abusers of drugs, classified as controlled dangerous substances, under the Uniform Controlled Dangerous Substances Act of this State and for the purpose and with the unlawful intent to administer such controlled dangerous substances without having any medical or other lawful need requiring the possession of said paraphernalia.

Dkt. # 7, Ex. 6, Tr. Trans. Vol. 1 at 161-62. The express language of the charge required the State to prove that Petitioner was in possession of the paraphernalia "for the purpose and with the unlawful intent to administer" controlled dangerous substances. The paraphernalia statute also contains an intent requirement. See Okla. Stat. tit. 63, § 2-405(C) (providing that "[n]o person shall . . . possess . . . drug paraphernalia knowing, or under circumstances where one reasonably should know, that is will be used to . . . inject, ingest, or inhale or otherwise introduce into the human body a controlled dangerous substance in violation of the Uniform Controlled Dangerous Substances Act"). Thus, to convict Petitioner of a violation of Okla. Stat. tit. 63, § 2-405, the State was required to prove that Petitioner possessed the paraphernalia with the "unlawful intent" to use the paraphernalia to administer controlled dangerous substance. The phrase complained of by

11

Petitioner, "without having any medical or other lawful need requiring the possession of said paraphernalia," merely provided a defense for Petitioner. There was no impermissible burden shift as argued by Petitioner.

The inclusion of the "unlawful intent" language complies with constitutional requirements. Cf. Lady Ann's Oddities v. Macy, 519 F.Supp. 1140, 1147 (W.D. Okla. 1981). The Tenth Circuit has determined that paraphernalia statute of other states are constitutional based on the fact that intent is necessary to prove that the possession of the paraphernalia was for an unlawful purpose. See Murphy v. Matheson, 742 F.2d 564, 574 (10th Cir. 1984) (determining that Utah paraphernalia statute comports with due process); Kansas Retail Trade Cooperative v. Stephan, 695 F.2d 1343, 1345 (10th Cir. 1982) (determining that Kansas paraphernalia statute comports with due process); General Stores, Inc. V. Bingaman, 695 F.2d 502, 504 (10th Cir. 1982) (determining that New Mexico paraphernalia statute comports with due process).

The Court concludes that Petitioner has not demonstrated that the OCCA's rejection of this claim was contrary to, or an unreasonable application of federal law.  Habeas corpus relief shall be denied on this claim.

### 2. Prosecutorial misconduct (ground 6)

In his sixth ground of error, Petitioner alleges he was denied a fair trial based on prosecutorial misconduct. Specifically, he complains that the prosecutor made improper comments during cross-examination of Petitioner, examination of Officer Henson, and during closing argument. The OCCA rejected this claim on direct appeal, citing Duckett v. State, 919 P.2d 7, 19 (Okla. Crim. App. 1995), and finding that "[n]one of the allegations of prosecutorial misconduct in Proposition Six warrant reversal or relief." (Dkt. # 6, Ex. 1).

12

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

The Court finds that the OCCA's rejection of this claim was not an unreasonable application of constitutional law. Upon review of the entire proceeding, this Court is convinced that Petitioner's trial was not fundamentally unfair. None of the comments, even if improper, was significant enough to influence the jury's decision. See Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998). In light of the evidence of guilt, there is not a reasonable probability that the outcome would have been different without the alleged misconduct. See Hoxsie v. Kerby, 108 F.3d 1239, 1244-45 (10th Cir. 1997). First, Petitioner complains that during his own testimony, the prosecutor asked improper cross-examination questions. The record reflects that during direct examination by defense counsel, Petitioner testified that he had quit drinking six or seven years prior to the trial, see Dkt. # 7, Tr. Trans. at 381, and that he did not use methamphetamine, see id. at 379. On cross-examination, the prosecutor started to ask about three prior DUI arrests. Defense counsel immediately objected. The trial court narrowed the relevant time period and no further questioning about the prior DUI arrests occurred. Id. at 381-82. The prosecutor then asked whether Petitioner remembered January 29th of

13

1996. Id. at 382. Before Petitioner answered, defense counsel immediately objected and moved for a mistrial. Id.  The objection was sustained, the request for a mistrial was denied, and the jury was admonished to disregard the question. Id. at 383-84. A trial court's admonition to the jury usually cures any error. Patton v. Mullin, 425 F.3d 788, 800 (10th Cir. 2005). Federal law provides that there is a presumption "that a jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant."  See Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987).  Based upon the facts of this case, the Court finds that the alleged improper questioning by the prosecutor during his cross-examination of Petitioner was cured by defense counsel's immediate objection and the admonishment given by the trial court to the jury.

Petitioner also complains that during the examination of Officer Henson, the prosecutor asked questions about Petitioner's statements made to the officers while they conducted their search that there had been a methamphetamine lab at the house. The line of questioning was met with an objection by defense counsel before Officer Henson provided a complete response. See Dkt. # 7, Tr. Trans. at 234-35.  The trial court judge admonished the jury to disregard the question. Again, the Court finds that based upon the facts of this case, the alleged improper comments by the prosecutor during the examination of Officer Henson were cured by the immediate objection and admonishment given by the trial court to the jury. Greer, 483 U.S. at 766 n. 8.

Lastly, Petitioner complains of comments made by the prosecutor during closing argument. He alleges that the prosecutor referenced his personal opinion of guilt and impermissibly vouched for the credibility of the State's witnesses. Upon careful review of the trial record, however, the

14

Court finds that the prosecutor's remarks were simply comments on the evidence presented by the State. This Court finds that the prosecutor's remarks did not "so infect the trial with unfairness" as to result in a denial of due process. <u>Donnelly</u>, 416 U.S. at 643.

In light of the evidence presented in this case, the Court finds no reasonable probability that the verdict would have been different without the prosecutor's allegedly improper comments and concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct.  Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### 3. Instructional error (ground 7)

As his seventh ground of error, Petitioner complains that the trial court erred in failing to instruct the juror on Possession of Precursor Substances. In effect, Petitioner complains that his jury did not receive an instruction on a lesser included offense. In rejecting this claim on direct appeal, the OCCA cited <u>Anderson v. State</u>, 992 P.2d 409, 418 (Okla. Crim. App. 1999), and found that "no plain error occurred when the trial court did not instruct the jury on Possession of Precursor Substances." (Dkt. # 6, Ex. 1).

The Tenth Circuit Court of Appeals has held that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question. <u>Lujan v. Tansy</u>, 2 F.3d 1031, 1036 (10th Cir. 1993).  Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction.  <u>Dockins v. Hines</u>, 374 F.3d 935, 938 (10th Cir. 2004) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases).  Accordingly,

15

habeas relief shall be denied on Petitioner's claim that his constitutional rights were violated because the trial court failed to give jury instructions on a lesser included offense.

### 4. Failure to grant a continuance affecting trial counsel's performance (ground 8)

In ground 8, Petitioner alleges that the trial court failed to allow additional time for trial preparation rendering ineffective the assistance of his trial counsel. On direct appeal, the OCCA cited Strickland v. Washington, 466 U.S. 668 (1984), and found "trial counsel was not ineffective." (Dkt. # 6, Ex. 1).

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of this claim was an unreasonable application of Supreme Court precedent. To establish ineffective assistance of counsel a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

16

proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In this case Petitioner has failed to satisfy the prejudice prong of the Strickland standard. In support of his argument, Petitioner explains that he retained his trial counsel on January 11, 2001. He states his case was set for trial on January 22, 2001. On January 12, 2001, his attorney filed a motion for a continuance until the next jury term.  That motion was denied and the case proceeded to trial. The record demonstrates that at the commencement of trial on January 24, 2001, Petitioner's trial attorney stated "we are ready." See Dkt. # 7, Tr. Trans. at 12. In spite of that statement, Petitioner complains that his attorney had "a mere eleven days to prepare and to defend Mr. Mondier against five serious charges." Petitioner fails, however, to explain how additional time for preparation by his defense counsel would have changed the outcome of the proceeding. See Trice v. Ward, 196 F.3d 1151, 1161 (10th Cir. 1999). In light of the evidence of Petitioner's guilt, the Court finds that Petitioner has failed to satisfy the Strickland standard. Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of trial counsel.

**D.  Procedural Bar (grounds 1, 2, 3, 4, 9, 10, 11)**

Petitioner readily acknowledges that he first raised grounds 1, 2, 3, 4, 9, 10, and 11 in his third application for post-conviction relief. See Dkt. # 1. In denying the third application for post-conviction relief on procedural grounds, the state district court found that all claimed errors had been either raised and ruled on or waived. The OCCA affirmed the denial of post-conviction relief on procedural grounds. See Dkt. # 1, attachment. Specifically, the OCCA found that "Petitioner offers no sufficient reason for not asserting or inadequately raising these issues on direct appeal or in his

previous applications for post-conviction relief." See id.  In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Petitioner's grounds 1, 2, 3, 4, 9, 10, and 11.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's grounds 1, 2, 3, 4, 9, 10, and 11, are procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to raise the grounds or error on direct appeal or in one of his prior post-conviction proceedings, is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985.  Additionally, the procedural bar imposed on the claims was based on "adequate" state grounds sufficient to bar the claims on federal habeas corpus review.  The OCCA routinely bars claims that could have been but were not raised on appeal, or in a first application for post-conviction relief.

18

Because of Petitioner's procedural default, this Court may not consider the claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered.  See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997).  The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner attributes his failure to raise the grounds to ineffective assistance of appellate counsel. See Dkt. # 1. It is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default.  Carrier, 477 U.S. at 488-89.  However, the assistance provided by appellate counsel must rise to the level of a constitutional violation.  Id.  Furthermore, the ineffective assistance of appellate counsel claim asserted as "cause" must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.  Id. at 489.  An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted, and, unless the state prisoner can satisfy the "cause and prejudice" standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim.  Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000).  In this

19

case,  Petitioner did not raise a claim of ineffective assistance of appellate counsel until his third application for post-conviction relief.  Because the claim could have been but was not raised in the first application for post-conviction relief, the ineffective assistance of appellate counsel claim was procedurally defaulted. Therefore, Petitioner's claim that appellate counsel provided ineffective assistance in failing to raise the omitted claims was procedurally defaulted and may not serve as "cause" to overcome the procedural bar, unless Petitioner demonstrates "cause and prejudice" for the default.  See Edwards, 529 U.S. at 452-53.  Petitioner does not offer an explanation for failing to assert that appellate counsel provided ineffective assistance in his first application for post-conviction relief and has not demonstrated cause and prejudice for the procedural default of his ineffective assistance of appellate counsel claim.

To the extent Petitioner argues that post-conviction procedures available in Oklahoma are inadequate or ineffective to protect his rights and, as a result, constitute "cause" to overcome the procedural bar, the Court finds the argument lacks merit.  As stated above, to demonstrate "cause" a petitioner must "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules."  Carrier, 477 U.S. at 488. Petitioner's complaint that the procedural rules themselves are inadequate does not satisfy the standard as defined by the Supreme Court. As a result, the Court concludes Petitioner has failed to demonstrate cause sufficient to excuse the procedural default of his claim of ineffective assistance of appellate counsel, as well as grounds 1, 2, 3, 4, 9, and 11 as asserted herein.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also

Schlup v. Delo, 513 U.S. 298 (1995).  To meet this test, a criminal defendant must make a colorable showing of factual innocence.  Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316.  Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. In his petition, Petitioner states that he is "factually innocent where the State falsely prosecuted the Petitioner under a felony offense statute," because the substance seized from Petitioner was "an imitation controlled substance which could only be prosecuted as a misdemeanor offense. . . ." See Dkt. ## 1, 8 at 7. In support of his claim, Petitioner alleges that "the testing protocol used by the OSBI labs and other State crime labs are faulty and misleading." (Dkt. # 8 at 8). Petitioner's allegations do not persuade the Court that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.  Therefore, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's grounds 1, 2, 3, 4, 9, 10, and 11.  Coleman, 501 U.S. at 724. Habeas corpus relief on those grounds shall be denied.

21

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Petitioner's motion to amend the petition for writ of habeas corpus (Dkt. # 23) is **denied**.

2.    Petitioner's motion for reinstatement of petition and for assignment to another federal judge (Dkt. # 24) is **declared moot**.

3.    The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

4.    A separate Judgment shall be entered in this case.

**DATED** this 27th day of February, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT